24-2765-cv
*Burlington Insurance Co. v. American Empire Surplus Lines Ins. Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-six.

Present:     AMALYA L. KEARSE,
             JOHN M. WALKER, JR.,
             JOSEPH F. BIANCO,
                  *Circuit Judges*.

_____

THE BURLINGTON INSURANCE COMPANY,

      *Plaintiff-Counter-Defendant-Appellee*,

      v.                                                            No. 24-2765-cv

AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, AFFILIATED FM INSURANCE COMPANY, As subrogee of Dayton Beach Park No. 1 Corp,

      *Defendants-Appellees*,

SKYLINE RESTORATION INC.,

      *Defendant-Cross-Claimant-Appellant*,

      v.

PCGNY CORP.,

For Defendant-Cross-Claimant-Appellant: Theresa A. Guertin (Kerianne Kane Luckett, *on the brief*), Saxe Doernberger & Vita, P.C., Trumbull, CT.

For Appellees: John D. McKenna (Maureen E. O'Connor, *on the brief*), L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville, NY, *for Defendant-Appellee American Empire Surplus Lines Insurance Company.*

Lloyd A. Gura (Thomas E. Schorr, *on the brief*), Dilworth Paxson LLP, New York, NY, *for Defendant-Appellee Navigators Insurance Company.*

James M. Adrian, Adrian & Associates, LLC, New York, NY, *for Plaintiff-Counter-Defendant-Appellee Burlington Insurance Company.*

Robert M. Wolf, Finazzo Cossolini O'Leary Meola & Hager, LLC, Morristown, NJ, *for Defendant-Appellee Affiliated FM Insurance Company.*

Appeal from a grant of summary judgment in the United States District Court for the Southern District of New York (Clarke, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

In March 2010, Dayton Beach Park No. 1 Corporation ("Dayton Beach") contracted with Skyline Restoration Inc. ("Skyline") to replace five roofs at an apartment complex in Rockaway Beach. Nearly two years after Skyline and its subcontractor, PCGNY Corporation ("PCGNY"), completed the project, Superstorm Sandy struck Rockaway Beach, causing four of the five roofs

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

to fail and damaging the fifth. To recover its losses, Dayton Beach filed an insurance claim with Affiliated FM Insurance Company ("Affiliated"), who paid $4,665,905 to repair and replace the five roofs, and $284,095 to cover damage to the underlying properties. After Affiliated sued Skyline in New York Supreme Court to recover the nearly $5 million payment (the "Underlying Action"), Skyline sought indemnification from PCGNY. Skyline and PCGNY then filed insurance claims under its policies with the Burlington Insurance Company ("Burlington").

This appeal originates from a November 2020 complaint that Burlington filed in New York Supreme Court, that was later removed to the U.S. District Court for the Southern District of New York. Burlington sought, *inter alia*, declarations that: (1) it has no duty to defend Skyline and PCGNY in the Underlying Action, (2) it has no duty to reimburse Affiliated, (3) it may withdraw from the courtesy defense it was providing to PCGNY in the Underlying Action, and (4) Skyline and PCGNY's insurance coverage with American Empire Surplus Lines Insurance Company ("American Empire") and Navigators Insurance Company ("Navigators") are primary to Burlington's insurance coverage.

The district court (Clarke, *J.*), on the report and recommendation of a magistrate judge, granted summary judgment to Burlington on the first three issues. On the fourth issue, the district court held that Burlington's requested relief was moot, because under New York commercial general liability law, damage to an insured's own work product is not a covered "occurrence." As there was no covered occurrence, there was no need to decide whether Burlington, Navigators, or American Empire's policies take precedence. This appeal timely followed.

3

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

Before delving into the merits of the appeal, we must assure ourselves of our subject matter jurisdiction, "an unwaivable *sine qua non* for the exercise of federal judicial power[.]" *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Based on the following analysis, we conclude that we lack subject matter jurisdiction.

## I.      Diversity Jurisdiction

The only basis the parties have asserted for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. There are three principles that are relevant to our diversity jurisdiction analysis. First, it is "axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020) (internal quotation marks and citation omitted). Second, because the parties are all corporate entities, for jurisdictional purposes they are both a "citizen of every State . . . by which [they] ha[ve] been incorporated and of the State . . . where [they] ha[ve] [their] principal place of business[.]" 28 U.S.C. § 1332(c)(1). Third, "diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal[.]" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark*

*Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Wright & Miller § 3723, at 311–12)**.**

The citizenship of the parties here is undisputed. At all relevant times, Burlington was incorporated in Illinois and had its principal place of business in Connecticut. As for the defendants, (1) American Empire was incorporated in Delaware and had its principal place of business in Ohio, (2) Affiliated was incorporated in and had its principal place of business in Rhode Island, (3) Skyline was incorporated in and had its principal place of business in New York, and (4) PCGNY was incorporated in and had its principal place of business in New York. There would be no jurisdictional defect if these were the only parties to the litigation.

But the fly in the ointment is Navigators' citizenship. Although Navigators stated in its brief that it is incorporated in New York, it did not identify its principal place of business. On January 5, 2026, this court *nostra sponte* ordered Navigators to file a supplemental letter addressing: (1) what its principal place of business was/is, and (2) whether there is diversity jurisdiction between the parties, and if not, whether realignment would cure the jurisdictional defect. One week later, Navigators filed that letter concluding that its principal place of business was Connecticut during all relevant times, and that realignment of the parties would not cure the jurisdictional defect.

Based on Navigator's supplemental letter, we find that there is a prima facie defect with diversity jurisdiction, because Navigators and Burlington are Connecticut citizens. That defect cannot be cured by realignment of the parties. *See Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 622 (2d Cir. 1993) (permitting the realignment of parties to reflect the "actual collision

of interests" to preserve diversity jurisdiction (citation omitted)); *cf.* Fed. R. Civ. P. 21. Even if we were to rearrange the parties according to their actual collision of interests—placing Burlington, American Empire, Affiliated, and Navigators on one side and Skyline and PCGNY on the other—the parties would still lack diversity because Navigators, Skyline, and PCGNY are New York citizens.

## II. Dismissal of Jurisdictional Spoiler

There is a possibility that we could preserve jurisdiction by dismissing Navigators from the appeal. *See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003) (per curiam) ("[F]ederal courts must salvage jurisdiction where possible.") We have recognized that "a defect in jurisdiction may be curable by *nunc pro tunc* dismissal of dispensable jurisdictional spoilers[.]" *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 335 (2d Cir. 2004) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989)). In deciding whether to exercise this power, we must "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Newman-Green*, 490 U.S. at 838.

The parties disagree on whether Navigators' dismissal would prejudice the remaining parties. In its supplemental letter, Skyline argued in favor of Navigators' dismissal, noting that the dismissal would cause "minim[al] [] prejudice" to Skyline because $4,000,000 of the $4,950,000 in damages are insured by the other insurance carriers. Skyline Supplemental Letter at 1 (Jan. 14, 2026). In response, American Empire and Burlington argued that Navigators is "clearly an indispensable party[,]" in part because Burlington has alleged that Navigators is

6

required to "first fund any potential damages if coverage is found[.]" American Empire Supplemental Letter at 1–2 (Jan. 20, 2026).

Because of this factual dispute, we think it is "appropriate to remand the case to the district court, which would be in a better position to make the prejudice determination." *Newman-Green*, 490 U.S. at 838. On remand, the district court shall consider whether Navigators' absence "will prejudice any of the [remaining] parties in the litigation" by, for example, affecting the priority or sufficiency of insurance coverage. *Id*. Upon the district court's issuance of a new order, any party may restore the matter to the active docket of this court by letter without filing a new notice of appeal, pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). This panel will retain jurisdiction over any subsequent appeal.[1]

*     *     *

We have considered the parties' remaining arguments, which we conclude are either without merit or must be decided at a later stage. For the foregoing reasons, the judgment of the district court is **VACATED** and we **REMAND** the case to the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We acknowledge that the parties have expended much time and resources over the course of this litigation. Nonetheless, "[w]e cannot avoid addressing the threshold question of jurisdiction simply because our finding that federal jurisdiction does not exist threatens to prove burdensome and costly[.]" *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).